United States Court of Appeals
Fifth Circuit

**F I L E D**

April 18, 2006

Charles R. Fulbruge III
Clerk

In the

United States Court of Appeals
for the Fifth Circuit

_____

Nº 05-30539
Summary Calendar

_____

ELFRIDA V. JOHNSON,

Plaintiff-Appellant,

VERSUS

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
Nº 2:04-CV-2966

_____

Before SMITH, GARZA, and PRADO,
    Circuit Judges.

PER CURIAM:*

    Elfrida Johnson appeals a judgment dis-

missing her suit contesting the termination of
her supplemental security income ("SSI")
benefits and the amount of benefits for her
four children.[1] Among others, she alleges that

_____

* Pursuant to 5TH CIR. R. 47.5, the court has de-
termined that this opinion should not be published
and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

_____

[1] Because Johnson is *pro se*, we read her claims
as to the "embezzlement" of these funds by the
Social Security Administration as claims chal-
lenging its determinations with respect to the
amount of the benefits and asserting an entitlement
(continued...)

one of her children, Demas A. Washington, should have remained on the claim of Demas G. Washington (his adopted father) and not switched to her claim when Demas A. Washington moved in with her.

Johnson also alleges that she received "waiver" for several overpayments on account of her children but that the Social Security Administration ("SSA") deducted the overpayments from their checks and never returned that money. She also made claims with respect to her and her children's entitlement to benefits on account of her husband, Raymond Johnson, because they are separated but not divorced. She claims that even if they are divorced, she is entitled to benefits on his account because they were married for over ten years, and she is not getting married again.

According to the Commissioner, Elfrida Johnson was found eligible to receive disability insurance benefits in March 1994 and SSI benefits in September 1999 (based on an application filed in June 1999). She received a notice of planned actions from the SSA, which she attached to her pleadings, dated January 1999, informing her that she and her husband became an eligible couple on September 1, 1997, so they were owed $1,359 for the underpayment.

The letter also stated that Johnson was ineligible for SSI benefits after January 1999 because her and her husband's combined income exceeded the regulatory limit. The notice plainly stated that she had sixty days from the receipt of that notice to seek review, but she did not seek review of that decision until November 2, 2004, when she filed this suit.

_____

[1](...continued)
to what she calls "back pay."

The Commissioner filed a motion to dismiss on the ground that Johnson's civil action was untimely because she did not appeal within sixty days of the final decisions rendered in March 1994 and September 1999. Johnson filed an opposition to the Commissioner's motion but did not assert that a mental impairment prevented her from timely filing suit.

In his report and recommendation, the magistrate judge found that the Commissioner had not filed proof, as required by law, that Johnson received notice of the September 1999 action. He noted that in fact there was no evidence in the record showing any action by the agency. Accordingly, he denied the Commissioner's motion to dismiss.

Nevertheless, the magistrate judge found, *sua sponte*, that Johnson's claim with respect to the termination of her SSI benefits was barred because the sixty-day limitations period for challenging the termination of benefits in January 1999 had expired. He noted that the January 1999 Notice of Action stated plainly that Johnson had only sixty days to appeal it. He added that under *Bowen v. City of New York*, 476 U.S. 476, 480 (1986), the equitable tolling principles did not apply in this case because Johnson had not asserted that a mental impairment prevented her from seeking timely judicial review of the termination of her benefits.

Johnson filed objections to the report and recommendation. The district court overruled the objections, approved the report and recommendation and adopted the magistrate judge's opinion, thereby entering judgment dismissing the suit as time-barred.

On appeal, Johnson does not contest the finding that she had not asserted a mental im-

pairment, nor does she state that she had such impairment. Thus, with respect to this claim for termination of SSI benefits, we affirm for the reasons stated in the report and recommendation.

Nonetheless, Johnson had made other claims, as one can discern from her complaint, her opposition to the motion to dismiss, and her brief on appeal. These are the claims with respect to back pay of benefits for her children, and some claims with respect to their entitlement and her entitlement to benefits on account of her husband.

The Commissioner did not discuss those claims in the motion to dismiss, nor did the magistrate judge mention or rule on them in the report and recommendations. Nor is there any evidence in the record showing any action by the agency with respect to the benefits of Johnson's children or husband. In fact, as the magistrate judge pointed out, there is no evidence in the record showing any action by the agency.[2] Therefore, regardless of the merits of any of these claims, we should not rule on them, but instead we remand them to the district court.

_____

[2] A copy of the September 1999 notice, for example, could have helped us understand why Johnson, who was told that her SSI benefits would be terminated in January 1999, was approved nonetheless for such benefits in September 1999. If indeed Johnson was approved for such benefits in September 1999, her challenge of the termination of these benefits is not only time-barred but is moot. In fact, on page 4 of her complaint, Johnson appears to say that in fact, Social Security "never stop the SSI checks" and she stated in her application to proceed *in forma pauperis* that she receives $63 dollars in SSI per month, and $521 is disability per month, thus a total of $584 per month.

AFFIRMED in part and REVERSED in part. REMANDED for proceedings not inconsistent with this opinion.

3