IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 26, 2008

Charles R. Fulbruge III
Clerk

No. 08-30110
Summary Calendar

ELFRIDA V. JOHNSON

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, Commissioner of Social Security

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-02966-LMA

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Elfrida Johnson, formerly Elfrida Washington, applied for and received disability insurance benefits in March of 1990. She also successfully applied for supplemental security income benefits beginning in June 1999. Her husband, Raymond Johnson, applied for disability insurance benefits in September 1997. This claim was denied, and he did not appeal. But he reapplied in September 1999. After an initial denial, he was awarded benefits following a hearing. One

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Ms. Johnson's children, D.W., became entitled to child's benefits in February 1993 when Demas Washington, his biological grandfather and his adoptive father, died. In July 1994, Ms. Johnson applied for child's insurance benefits for three of her children – D.W., R.W., and D.Z.W. – and they were awarded benefits effective March 1989, June 1989, and July 1994, respectively. Ms. Johnson's fourth child, T.J., received child's benefits effective August 1999.

In November 2004, Ms. Johnson filed suit in district court, alleging that she and her children were entitled to social security benefits on account of Mr. Johnson's entitlement to benefits and requesting seven years of back benefits for herself, seven years of back benefits for Demas A., Raymond J., and Denzel M. Washington, and four years of back benefits for Treyvon D. Johnson. She alleged that in 1997, she became eligible to receive her husband's benefits and benefits for two children, and that Social Security paid her benefits, counting Mr. and Ms. Johnson as an "eligible couple." However, she alleged that as of January 1999, she was informed that "Elfrida and Raymond's soc[ial] security exceeds the income limit to qualify for SSI benefits."[1] Despite this notice, it appears that Ms. Johnson again began receiving benefits in September 1999.[2] In response to Ms. Johnson's complaint, Defendant alleged that Ms. Johnson became entitled to disability insurance benefits after a favorable hearing on March 17, 1994, but that she had not filed a request for a hearing since 1993 and had not requested a review of a hearing decision. As such, it maintained that her complaint should be dismissed because she filed it more than 60 days after receiving the Commissioner's final decisions and that no circumstances justified equitable tolling.

---

[1] Her response to Defendant's motion to dismiss further explained that when she received a check for $1,359.000, she was informed that should would "not be eligible for SSI after 1-99 because the total of your spouse's soc[ial] security and your soc[ial] security exceeds the income to qualify for SSI benefits."

[2] Johnson v. Barnhart, 176 Fed. Appx. 574, 576 n.2 (5th Cir. 2006).

The magistrate judge to which the case was assigned found that Defendant's motion to dismiss should be denied, as Ms. Johnson was not seeking review of Defendant's 1994 decision, and Defendant had not provided proof that Ms. Johnson received notice of the 1999 action. But the judge recommended, sua sponte, that Ms. Johnson's claims be dismissed as frivolous "because the limitations period for challenging the termination of her benefits has expired." Finally, the magistrate found that equitable tolling did not apply because Ms. Johnson had not alleged that a mental impairment prevented her from timely seeking review of Defendant's termination decision. The district court approved the magistrate's report and recommendation, denying Defendant's motion to dismiss and dismissing Ms. Johnson's claims as time-barred. Ms. Johnson appealed that decision to this court. We affirmed the district court's holding that Johnson's claim contesting the termination of her benefits was time-barred and that principles of equitable tolling should not apply.[3] We further determined, however, that Ms. Johnson had not only filed a termination claim; she had also requested back pay for her children and for herself, through her husband's entitlement to social security. We remanded the case to the district court for further development of those claims, as the district court had not addressed them.[4] On remand, the court entered briefing orders requiring Ms. Johnson to explain "whether she submitted claims for back pay benefits for her children and herself on account of her husband" and "whether the administrative claim was resolved and why she disagreed with any action taken by the agency." One of the briefing orders was returned to the Court unclaimed, and it appears that Ms. Johnson did not respond to the briefing orders.[5] Defendant filed a motion to

---

[3] Id. at 576.

[4] Id.

[5] This may have occurred because Ms. Johnson evacuated New Orleans and moved to Shreveport after Hurricane Katrina. The district court, however, sent "all three" briefing

dismiss and attached the Declaration of Patrick J. Herbst, an employee of the Commissioner, to the district court. That declaration provided, inter alia,

> A review of Ms. Johnson's file shows that she did not file an application for child's insurance benefits for Demas and Raymond until July 5, 1994. In that application, she filed for Denzel Washington, who had been born June 8, 1994, as well. . . . In December 1994, SSA awarded child's benefits to Demas, Denzel and Raymond on Ms. Johnson's record. Demas was awarded effective with the month of March 1989, Raymond effective with the month of June 1989, and Denzel effective with the month of July 1994. The complex provisions of 20 CFR 404.403 permitted the beneficial application of the so-called "combined family maximum" provisions, as Demas was dually entitled to child's insurance benefits on the records of both Ms. Johnson and his father, Mr. Washington. There is correspondence in Ms. Johnson's file regarding the issue of benefit rates payable to her children. However, the undersigned see[s] no evidence of a reconsidered determination on such issue, nor a hearing decision of Appeals Council review pertaining to the same.

A magistrate judge once again addressed Defendant's motion to dismiss and Ms. Johnson's claims. The judge observed that Ms. Johnson

> claims that both she and her children are entitled to SSI benefits on account of her husband, Raymond Johnson ("Mr. Raymond Johnson") because (1) she and her husband are merely separated and not divorced and (2) they were married for over ten years and she is not going to remarry.

The magistrate, addressing whether Ms. Johnson had ever submitted claims for back benefits for herself and her children on account of her husband, whether the SSA had made determinations on those claims, and whether she had sought review of any of those claims, relied on the Commissioner's responses, as it appears that Ms. Johnson had not responded to the court's briefing requests. According to the Commissioner, relying on Patrick Herbst's declaration, Mr.

---

orders to Ms. Johnson's Shreveport address.

Johnson received disability insurance benefits beginning in 1999, and in November 1999, Ms. Johnson filed an application for her youngest child, Treyvon Johnson, on account of Mr. Johnson. The court found, however, that "[t]he Commissioner indicates that it has no record or evidence that Ms. Elfrida Johnson ever filed an application for spousal benefits for herself, or applied for benefits for her three older children: Demas A. Washington . . ., Denzel Washington . . ., and Raymond Washington . . ., on account of Mr. Raymond Johnson." The court recognized that Ms. Johnson did, however, file a claim for disability insurance benefits on behalf of herself and on her own account on March 19, 1990, and was granted benefits. Demas became entitled to benefits in 1993 when his adoptive father died, and Ms. Johnson successfully applied for benefits for three of her children, including Demas, in July 1994. The court then observed that

> [b]ecause Demas was entitled to child's insurance benefits on the records of both . . . his biological father, Mr. Raymond Johnson, and his adoptive father, Mr. Demas G. Washington, the Commissioner contends the "combined family maximum" took effect, limiting the overall amount of benefits payable on any one person's account.[6] According to the Commissioner's record, Ms. Elfrida Johnson questioned whether her children were receiving the appropriate benefit rates. However, Patrick J. Herbst, . . . a representative for the appellate operations of the SSA, declared that there is no evidence that Ms. Elfrida Johnson sought reconsideration of the amount of benefits the SSA concluded that her children were due. . . . [H]e also found no hearing decision by an ALJ on the issue . . . .

The court concluded that Ms. Johnson "did not seek review of the determination [of her children's benefits] and nor did she administratively question whether they were receiving the correct amount in benefits." As a result, it recommended the dismissal of Ms. Johnson's claims with respect to

---

[6] Citing 20 C.F.R. § 404.403.

back benefits due to her children "because the limitations period for challenging the agency decision has expired." Regarding Ms. Johnson's claims for her own benefits on account of her husband, the magistrate found that "the Commissioner indicates that SSA records show that Ms. Elfrida Johnson never submitted an application for spousal benefits for herself or the Washington children on the account of Mr. Raymond Johnson." It concluded that "her request for review is not ripe and should be denied." The district court accepted the magistrate's report and recommendations and dismissed Ms. Johnson's claims as frivolous "because the limitations period for challenging the application of the combined family income maximum rule has run and there is no record that she has submitted an application for benefits on the account of her husband . . ." Ms. Johnson appealed.

On appeal, Ms. Johnson urges that once eligibility to benefits has been established, there is no time bar to her claims. To establish eligibility, she attaches a Social Security Administration Notice of Award to her husband Raymond Johnson, dated December 8, 1998, which states,

> You are entitled to monthly disability benefits beginning December 1997. . . . We found that you became disabled under our rules on June 22, 1997. However, you have to be disabled for 5 full calendar months in a row before you can be entitled to benefits. For these reasons, your first month of entitlement to benefits is December 1997.

Pursuant to this notice, Ms. Johnson urges that the Social Administration owes her and her children entitlements due since June 1997 on her husband Raymond Johnson's account, stating, "Raymond Johnson is my husband and he was approved for social disability since June 1997." But while we construe pro se pleadings liberally,[7] on remand from this court Ms. Johnson failed to allege that she ever submitted a benefit claim for herself on account of Mr. Johnson or a

---

[7] See, e.g., Andrade v. Gonzales, 459 F.3d 538, 543 (5th Cir. 2006).

claim for back pay, despite several briefing requests from the district court. Nor does she make this claim in her brief before this court. Furthermore, Ms. Johnson did not allege before the district court, or on appeal, that she contested Defendant's determination in January 1999 that the "combined family maximum" would take effect for her children's benefits, or that she submitted claims to the Social Security Administration for back pay benefits for her children and herself.[8] While the children, as Ms. Johnson claimed, were indeed entitled to benefits, she failed to contest the cap on those benefits that resulted from the "family maximum" determination. The Social Security Act provides,

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.[9]

And the Social Security Administration regulations provide,

> (a) A claimant may obtain judicial review . . . . (c) within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency,
>
> except that this time may be extended by the Appeals Council upon a showing of good cause.[10]

---

[8] It appears from an exhibit filed with the district court in relation to her original complaint that Ms. Johnson filed an "Appeal for Reconsideration" with Defendant through a state representative. She alleged in that appeal that she "became eligible for soc sec on Mr. Raymond Johnson" and that she "is eligible for soc security on her account and her husband ['s] account." She also requested back pay. However, there is nothing in the record indicating that Defendant received this appeal, denied the appeal, or that she requested a hearing with Defendant on these issues, and she failed to refer the district court to this exhibit on remand.

[9] 42 U.S.C. § 405(g).

[10] 20 C.F.R. § 422.210(a),(c).

While an individual who is entitled to benefits may challenge the denial or reduction of those benefits, there are time constraints for such challenges.[11]

The district court did not err in dismissing Ms. Johnson's claims that Defendant owed her and her children back pay, as her claim contesting Defendant's determination of her children's benefits is outside of the limitations period, and she failed to allege before the district court or on appeal that she brought a claim with Defendant for benefits for herself on account of her husband, or a claim for back benefits.[12]

AFFIRMED.

---

[11] Ms. Johnson maintains that "[o]nce eligibility has been established," there is no statute of limitations. As we have discussed, the Social Security Act and the Code, however, establish time limitations to challenge a determination that affects previously-established eligibility.

[12] This left the district court, and also leaves us, without any "final decision" to review. See 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review . . . .").